Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

Post Office Box 600
200 West Forsyth Street, Room 700
Jacksonville, Florida 32201
904/232-2682
904/232-2620 (Fax)



2110 First Street, Suite 3-137
Fort Myers, Florida 33901
941/461-2200
941/461-2219 (fax)

**U.S. Department of Justice**
**United States Attorney**
**Middle District of Florida**

80 North Hughey Avenue, Room 201
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Reply to: **Fort Myers, FL**

May 22, 2014

Russell K. Rosenthal
Assistant Federal Public Defender
1514 Broadway, Suite 301
Fort Myers, Florida 33901

Joseph G. Viacava
Wilbur Smith Law Firm, PLLC
1415 Hendry Street
Fort Myers, FL 33901

      Re: *United States v. Deena Williams, a/k/a "Deen Perkins," and Titus Lamar Bellot*
          Case No. 2:14-cr-48-FtM-29DNF

Dear Defense Counsel:

      In response to the Criminal Scheduling Order, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the additional discovery material is provided to you through the Office of the United States Attorney's Office, Fort Myers, Florida. These materials are being tendered to you pursuant to Rule 16 of the Federal Rules of Criminal Procedure. You will be required to sign a receipt for the materials provided, which includes one DVD labeled "Discovery I." Please be advised that the items listed in the discovery are also available for inspection.

      It is likely that additional materials and/or scientific results will come into the possession and control of the United States which are discoverable under Rule 16 and the local standing Criminal Scheduling Order. We recognize our continuing duty to disclose and will notify you promptly if such an event occurs. This response is numbered to correspond to the Criminal Scheduling Order.

    I.    B.    Oral statements made by the defendant in response to interrogation by a person then known to him as a government agent and the substance of which the government intends to use at trial. See Discovery Materials.

          C.    Written or recorded statements of the defendant. See Discovery Materials.

          D.    Prior criminal record. See Discovery Materials.

          E.    Documents and Tangible Objects. See Discovery Materials. Items Available for your inspection.

          F.    Reports of examinations and tests. See Discovery Materials.

          G.    Expert Witness. See Discovery Materials.

H.    Electronic Surveillance. None.

I.    Rule 404(b) evidence. None.

J.    Confidential informants. None.

K.    Conflict of interest. The government is not aware of any potential conflict of interest in the representation of the defendant by counsel.

L.    Photo identification. None.

M.    Evidence was seized by search warrant. See Discovery Materials.

Q.    The government hereby requests, to the extent required by Fed. R. Crim. P. 16(b)(1)(A), to inspect and copy or photograph books, papers, documents, photographs, and tangible objects which are within the possession, custody or control of the defendant, and which the defendant intends to introduce as evidence in chief at trial. Please inform the government of the existence of any such items.

R.    The government hereby requests, to the extent required by Fed. R. Crim. P. 16(b)(1)(B), to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the defendant, and which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to the witness' testimony. Please inform the government of the existence of any such items.

S.    Reciprocal Discovery of Expert Witnesses. Since this Pretrial Discovery Order requires the government to disclose a summary of any expert witness testimony without a request for such disclosure by the defendant under Fed. R. Evid. R. 16(a)(1)(E), a circumstance required by Rule 16(b)(1)(C)(I), the government construes this to mean that a request from the defendant for disclosure under Rule 16(a)(1)(E) is not required before the government may request reciprocal discovery of defense expert witnesses. Therefore, the government requests disclosure of a written summary as described in the Criminal Scheduling Order of any testimony and qualifications that the defendant intends to use under Fed. R. Evid. 702, 703, or 705 as evidence at trial.

T. The government is unaware of any information or material which may be favorable on the issue of guilt or punishment to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); and *Kyles v. Whitley*, 514 U.S. 419 (1995).

U. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959), a record of prior convictions, and any application to the court for immunity and any order issued in response to the application for any witness shall be disclosed by this office no later than eleven days before the first day of the trial term in which this case is set for trial unless disclosure of such information at this stage may endanger the safety of any prospective witness or if such disclosure may result in threats against the witness. In such a case, the government will make application to the court for a modifying order pursuant to Fed. R. Crim. P. 16(d)(1) allowing the government to disclose this information at a later time.

V. *Jencks* material (18 U.S.C. Section 3500) (if any) will be surrendered to you the day before the trial unless there may be a danger to a witness. Then, it will be provided the day the witness testifies. The Government likewise expects to receive any and all reciprocal *Jencks* material. *See* Rule 26.2, Fed. R. Crim. P.

W. The government is aware of its continuing duty to disclose such newly discovered additional evidence or material required by the Criminal Scheduling Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial.

If you have any questions or wish to discuss a plea offer, please do not hesitate to call me at my office.

Sincerely,

A. Lee Bentley, III
United States Attorney

By: s/Jeffrey F. Michelland
Jeffrey F. Michelland
Assistant United States Attorney

Enc.

3